HOBBS *v.* CHESLEY.     { DECEMBER 2, 1874.

A testatrix gave a fund of $10,000 to a trustee, in trust, to apply so much of the income as should be necessary to the support of her son William, and, at his decease, " to pay over the net income of said sum of ten thousand dollars, and of the addition to the same, if any, to said Lucy M. Chesley, during her natural life, annually," and, " after the death of said William and Lucy, to pay said sum in equal shares," &c. *Held*, that the words " said sum" included the $10,000 and the additions to it.

BILL IN EQUITY. The plaintiff in this suit is the executor of the last will and testament of Eliza L. Copp, of which the following is a copy :

" Be it remembered that I, Eliza L. Copp, of Wakefield, in the county of Carroll and state of New Hampshire, do make this my last will and testament in manner following, to wit: First—I give and bequeath to Amasa C. Tredick, son of John Tredick, one hundred dollars, to be paid by my executor in one year after my decease. Second —I give and bequeath to Amasa C. Paul, son of Hiram Paul, one hundred dollars, to be paid by my executor in one year after my decease. Third—I give and devise to my daughter, Lucy M. Chesley, and her heirs forever, the homestead house and lot where I now reside, free from the control of all persons whomsoever. (My desire is that she shall permit her brother William to remain with her, so long as it may be consistent with their comfort and safety.) Also, my household furniture and wearing apparel. Fourth—I give, bequeath, and devise ten thousand dollars to Frank Hobbs, of Dover, in trust, for the following purposes :—1. To invest the proceeds of my personal, and, if necessary, my real estate, to that amount, in a safe and prudent manner, and to expend so much of the income of the same, if necessary, in the comfortable support of my son, William K. A. Copp, during his natural life, in such manner as said trustee, or whoever may be duly appointed to hold said trust, may judge most beneficial for him. My

desire is that he may reside with his sister Lucy, or some of my friends, so long as consistent with his and their comfort and safety. 2. After the death of said William, to pay over the net income of said sum of ten thousand dollars, and of the addition to the same, if any, to said Lucy M. Chesley, during her natural life, annually. 3. After the death of said William and Lucy, to pay said sum in equal shares to the children of Hiram Paul and Mary Paul, and of Andrew Perkins and Margaret Perkins. The survivors of said children to take, in equal shares, the share of any one or more of them dying under the age of twenty-one years without lawful issue living at his or her decease. I I hereby authorize said trustee, or whoever may be duly appointed to hold said trust, to sell and convey such portions of my personal or real estate as he may deem advisable, the proceeds to be held by him instead of such personal or real estate. Fifth—I give, bequeath, and devise to said Lucy M. Chesley, and her heirs forever, all the rest of my estate, real or personal, wherever situated. Sixth—I appoint said Frank Hobbs trustee of said William K. A. Copp, and executor of this my last will, and I hereby revoke all former wills by me made. In witness whereof I have hereunto set my hand and seal this 26th day of March, 1873. Signed and sealed by the above-named Eliza L. Copp as her last will and testament, and by us, in her presence and at her request, subscribed as witnesses."

The defendants are the daughter, Lucy M. Chesley, and the children of the Pauls and the children of the Perkinses mentioned in the will. The plaintiff craves the assistance of the court in the construction of the fourth clause in the will,—the question being whether any unexpended surplus of the income of the ten thousand dollars remaining after the death of William is by the will given to the said Lucy, or whether it makes up a part of " said sum " given to the children of the Pauls and the children of the Perkinses ; and he also asks the advice of the court in regard to his management of the fund for the benefit of William.

*J. G. Hall,* for Chesley.

*L. D. Sawyer,* for the other defendants.

*Hobbs, pro se.*

CUSHING, C. J. The bill in this case calls for the construction of the will of Eliza L. Copp, and asks for the assistance of the court in regard to the execution of his trust.

The fourth clause of the will provides that the trustee shall apply so much of the income of the ten thousand dollars as shall be necessary in the comfortable support of her son, and after the death of the son to pay over the net income of said sum of ten thousand dollars, and of the addition to said sum, if any, etc. In my view, the term *addition* is very material. It implies, as I think, when speaking of money, that

the sum added is to be blended with the sum to which it is added, and make together one sum. The trustee is to pay over the net income of said ten thousand dollars, and of the addition to the same, if any, to said Lucy M. Chesley during her natural life. The ten thousand dollars, and the addition to the same, make one sum, the income of which sum is to be paid to Lucy M. Chesley during her natural life; and said sum, i. e., the sum formed by the addition of the surplus income to the ten thousand dollars, was to be paid to the children of the Pauls and the children of the Perkinses. There is no occasion to change the collocation of the words in order to understand the will. If you give to the word *addition* its natural meaning when used in connection with sums of money, one of which is to be added to the other, it seems impossible to avoid the conclusion that the ten thousand dollars, and the addition to the same, made up one sum, of which the income was to be paid to Mrs. Chesley, and that that sum was intended by the " said sum" ordered to be divided between the children of the Pauls and the children of the Perkinses.

There is another consideration which seems conclusive. If the additions spoken of were intended to fall into the residuum and go to Lucy, there seems to be no possible reason why the possession of it should be withheld during her life and the income only paid to her, or why those sums should not at once go to her on the death of William, especially as everything else which is given to her goes into possession immediately.

The discretion given to the trustee is very large. The income of the ten thousand dollars is to be expended in such way as he shall judge most beneficial for the unfortunate beneficiary. We must understand that the testatrix proportioned the amount of the fund in some degree to her views of the necessity of the case; and a system of management, founded on the idea of making the income of the fund support the beneficiary, would probably be such as would carry out the will of the testatrix. If we can understand from the facts anything about the condition of the ward, we should suppose that whatever contributed really to his pleasure, if he were capable of deriving pleasure from anything, would be most conducive to his health. I think the court would be slow to interfere with the judgment of a trustee exercised in a large and liberal manner within the resources of his fund in contributing to the happiness or lessening the wretchedness of his unfortunate ward.

It may be added, that it was the judgment of the trustee, who must be supposed to have been known to the testatrix, that is by the will to govern this matter. Her confidence was placed in him, personally, from her knowledge of what he would be likely to judge necessary to be done in the management and disposition of the fund. So long as this judgment should be honestly and fairly exercised, the court would not interfere with it.

LADD, J. The trustee, Mr. Hobbs, desires advice of the court as to

where the addition to the sum of ten thousand dollars, if any, will go, upon the death of William and Lucy. That question has been argued by counsel, and is, for aught I see, properly before the court; and, although it may turn out to be of no practical consequence, for the reason that there may be no addition to be disposed of at that time, yet, as all parties are before the court, and have been heard, I think it should be decided now; and I am clearly of opinion that the addition, by the terms of the will, goes to the children of Paul and Perkins, and not to Lucy or her heirs.

The fourth section of the will is wholly occupied with this bequest of ten thousand dollars, and directions to the trustee as to the management and disposition of both the income and principal; and the whole section together shows a clear intention, as it seems to me, on the part of the testatrix, to withdraw this fund of ten thousand dollars, as well as all additions that may be made to it from income during the life of William, from the operation of any other part of the will, and dispose of the same finally, according to the directions therein given. After the death of William, said sum, with the addition, is to be held by the trustee, and the net income of the whole paid to Lucy during her life. The addition is here treated as having become capital, and annexed to the principal sum of ten thousand dollars; and when, in the next clause, it is provided that said sum shall be paid to the children of Paul and Perkins, upon the death of William and Lucy, I think it hardly admits of a doubt that the testatrix intended, by " said sum," the sum of which Lucy is to have the income after the death of William, that is, the ten thousand dollars and additions made thereto during the life of William.

But the trustee is directed, in effect, to expend so much of the income of said ten thousand dollars as may be necessary in the comfortable support of William. What is necessary for the comfortable support of an insane person is a broad question. Certainly, comfortable support implies and includes some degree of pleasure, something more than a bare subsistence. The testatrix appointed a competent trustee, one in whose humanity, as well as judgment and discretion, she doubtless had confidence; and her intention to entrust this matter of the comfortable support of her unfortunate son very largely to his discretion is unmistakable.

Any reasonable indulgence, or pleasure, that will contribute to his comfort or promote his recovery, will, I think, clearly come within the spirit as well as the letter of the instructions to the trustee. In a word, my opinion is, that it is the duty of the trustee to administer to the comfort of his ward, out of the income provided for that purpose, with a liberal hand.

SMITH, J. The testatrix evidently contemplated that the entire income of the sum of ten thousand dollars, in the hands of the trustee, might not be required for the comfortable support of her son William, and that at his death there might be a balance of income unexpended.

Her direction to pay over, after the death of William, the net income of said sum of ten thousand dollars, and of the addition to the same, if any, to Lucy, during her natural life, annually, must mean the income of the sum, with its accumulations, during the life of William. The use of the preposition " of, " in the phrase " and *of* the addition to the same," and the direction to pay it over, *annually*, during the life of Lucy, make it clear to my mind that the testatrix intended Lucy should receive the income, only, of the accumulations to said fund, as well as the income, only, of the original fund.

If this paragraph stood alone, there would be no room for doubt; but it is claimed that, because, by the next paragraph of the will, the trustee is directed to pay said *sum*, in equal shares, to the Paul and Perkins children, she intended by the words *said sum*, the sum of ten thousand dollars originally invested in the hands of the trustee, only, and that the accumulations, not being specifically devised, fell into the residuary clause, and so were bequeathed to Mrs. Chesley. If this is the correct construction, then it was unnecessary to insert the words " and of the addition to the same " in the second paragraph, unless it were that the testatrix intended the accumulations should go to the heirs of the said Lucy upon her decease. If such had been her intention, she could hardly have failed to use language apt for that purpose, and not have left her intention to be inferred. And the uncertainty who might be the heirs of Mrs. Chesley, is an additional reason why she did not intend such construction to be given to her language. I think the ten thousand dollars, with additions, constitute " the sum " which, at the decease of Lucy, is to be divided among the Paul and Perkins children.

By the terms of the will, the trustee is directed to expend so much of the income of the fund as is necessary for the comfortable support of William, in such manner as the trustee may judge most beneficial for him. The trustee is thus invested with large discretion in the expenditure of the income. It is clear the testatrix intended this unfortunate son of hers should be made as comfortable as the nature of his disease would allow. If reasonable expenditures for the *pleasure* of the ward will increase the comfort of his support, and will be beneficial for him, I think the trustee would be warranted in thus appropriating a portion of the income. It is not possible to lay down any definite rule, except that the amounts should be reasonable, and should be conducive to the comfort and support of the ward.

*Decree accordingly.*